No. 20-7912

# In the United States Court of Appeals for the Fourth Circuit

UNITED STATES,

*Appellee,*

v.

MICHAEL A. MANGARELLA,

*Appellant.*

On Appeal from the United States District Court
for the Western District of North Carolina
(No. 3:06-cr-151-FDW-DCK-3)
The Honorable Frank D. Whitney, District Judge

**APPELLANT'S REPLY BRIEF**

Brian D. Boone
J. Stephen Tagert
Alston & Bird LLP
One South at The Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
Tel: (704) 444-1000
Fax: (704) 444-1111
brian.boone@alston.com
stephen.tagert@alston.com

*Counsel for Michael A. Mangarella*

# **TABLE OF CONTENTS**

                                                                             **Page**

INTRODUCTION ................................................................................................ 1

ARGUMENT ....................................................................................................... 2

I.     PLAIN-ERROR REVIEW DOES NOT APPLY TO MR. MANGARELLA'S ARGUMENT THAT THE DISTRICT COURT VIOLATED THE PRINCIPLE OF PARTY PRESENTATION. ................................................................................ 2

II.    THE DISTRICT COURT ERRED BY ORDERING THE GOVERNMENT TO RECONSIDER ITS SUPPORT FOR MR. MANGARELLA'S RELEASE. .......................................................... 4

III.   THE DISTRICT COURT ERRED BY FAILING TO CONSIDER MR. MANGARELLA'S EVIDENCE OF POST-SENTENCING MITIGATION. ....................................................... 7

CONCLUSION .................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Hall*,
   4 F. 4th 376 (6th Cir. 2021) ................................................................................ 6

*McNeil v. Wisconsin*,
   501 U.S. 171 (1991) ............................................................................................ 6

*Molina-Martinez v. United States*,
   578 U.S. 189 (2016) ....................................................................................... 3, 4

*Rosales-Mireles v. United States*,
   138 S. Ct. 1897 (2018) ................................................................................... 3, 4

*United States v. Martin*,
   916 F.3d 389 (4th Cir. 2019) ...................................................................... 2, 7, 8

*United States v. Moyhernandez*,
   5 F.4th 195 (2d. Cir. 2021) ............................................................................ 5, 6

*United States v. Sineneng-Smith*,
   140 S. Ct. 1575 (2020) ............................................................................ 1, 2, 3, 7

*United States v. Whiteside*,
   No. 1:09-cr-00069-MR, 2020 U.S. Dist. LEXIS 142190
   (W.D.N.C. Aug. 10, 2020) ............................................................................. 6, 7

*Ward v. United States*,
   11 F.4th 354 (5th Cir. 2021) ............................................................................... 5

*Wood v. Milyard*,
   566 U.S. 463 (2012) ............................................................................................ 6

**Statutes**

18 U.S.C. § 3553(a) ............................................................................................ 5, 6

18 U.S.C. § 3582(c)(1)(A)(i) .................................................................................. 5

**Other Authorities**

Pet'r Br. for the United States, *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (Dec. 2, 2019) ............................................................. 2

Resp't Br. for Evelyn Sineneng-Smith, *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (Jan. 15, 2020) ............................................... 2

Pet'r Reply Br. for the United States, *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (Feb. 14, 2020) .............................................. 2

*Supreme Court of the United States Oral Arg. Tr. in United States v. Evelyn Sineneng-Smith, https://www.supremecourt.gov/*, https://www.supremecourt.gov/oral_arguments/argument_transcripts/2019/19-67_e1p3.pdf (last visited Feb. 23, 2022) ....................... 2

Gabriel Chin, *Opinion analysis: Lawyers should lawyer, judges should judge – The court remands* Sineneng-Smith, SCOTUSblog (May 7, 2020 at 4:24 p.m.) https://www.scotusblog.com/2020/05/opinion-analysis-lawyers-should-lawyer-judges-should-judge-the-court-remands-sineneng-smith/ ................................................................................... 3

Stephen Landsman, *The Adversary System*: *A Description and Defense* (Am. Enter. Inst. for Pub. Policy Research 1984) ................... 4

# INTRODUCTION

The district court injected itself into the government's advocacy and required the government to reconsider its support for Mr. Mangarella's motion for compassionate release. Those are the facts, and they warrant reversal.

Unable to change the facts, the government tries to change the standard of review. It argues that the plain-error standard applies to Mr. Mangarella's argument that the district court violated the principle of party presentation. Not so. The Supreme Court made clear in *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020), that this Court must review Mr. Mangarella's party-presentation argument for abuse of discretion. And even if plain error were the standard, Mr. Mangarella has satisfied it.

The government's argument that the district court properly considered Mr. Mangarella's evidence of post-sentence mitigation is no better. A single phrase in the district court's order—that Mr. Mangarella presented "some laudable examples of behavior since being incarcerated," J.A. 330—is not the kind of fulsome explanation that this Court's precedents require. That too was reversible error.

The bottom line: If the district court had taken the parties' arguments as it found them, it would have granted Mr. Mangarella's motion. This Court should reverse the judgment below and grant Mr.

1

Mangarella compassionate release—the relief that the government originally supported.

## ARGUMENT

I. **PLAIN-ERROR REVIEW DOES NOT APPLY TO MR. MANGARELLA'S ARGUMENT THAT THE DISTRICT COURT VIOLATED THE PRINCIPLE OF PARTY PRESENTATION.**

Unable to rewrite the facts, the government tries to change the standard of review, arguing that this Court must review Mr. Mangarella's party-presentation argument for plain error. Gov't's Br. at 19–20. That is incorrect. This Court reviews for abuse of discretion a district court's denial of a § 3582(c) motion (*United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019)), and the Supreme Court confirmed in *Sineneng-Smith* that an appellate court also reviews for abuse of discretion a claim that the lower court violated the principle of party presentation—even when the parties did not raise the issue below. 140 S. Ct. at 1578.

In *Sineneng-Smith*, the Supreme Court held that the Ninth Circuit violated the principle of party presentation even though the parties never mentioned the issue in their briefing or at oral argument.[1] The Supreme

---

[1] *See generally* Pet'r Br. for the United States, *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (Dec. 2, 2019); Resp't Br. for Evelyn Sineneng-Smith, *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (Jan. 15, 2020); Pet'r Reply Br. for the United States, *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (Feb. 14, 2020); *Supreme Court of the United States Oral Arg. Tr. in United States v. Evelyn Sineneng-Smith,*

2

Court held that "the appeals panel departed so drastically from the principle of party presentation as to constitute an *abuse of discretion*." *Sineneng-Smith*, 140 S. Ct. at 1578 (emphasis added).

The government ignores that passage from *Sineneng-Smith* and cites no case supporting its argument for plain-error review. So far as we can tell, that case doesn't exist.

Even if plain error were the standard, what happened below satisfies it: (1) there was an error—instead of ruling on the issues as presented, the district court reshaped the government's advocacy and violated the principle of party presentation; (2) the error was plain; and (3) the error affected Mr. Mangarella's "substantial rights," meaning there is "'a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)). Indeed, there is more than a

---

*https://www.supremecourt.gov/*, https://www.supremecourt.gov/oral_arguments/argument_transcripts/2019/19-67_e1p3.pdf (last visited Feb. 23, 2022); *see also* Gabriel Chin, *Opinion analysis: Lawyers should lawyer, judges should judge – The court remands* Sineneng-Smith, SCOTUSblog (May 7, 2020 at 4:24 p.m.) https://www.scotusblog.com/2020/05/opinion-analysis-lawyers-should-lawyer-judges-should-judge-the-court-remands-sineneng-smith/ ("There was no argument or citation of authority [by the parties] suggesting that the 9th Circuit's actions, independent of the merits, warranted review or reversal. Similarly, the oral argument was entirely focused on the meaning of the law and its constitutionality, not the 9th Circuit's unusual procedural approach.").

3

"reasonable probability" of a different outcome; if the district court had accepted the government's original position, it would have granted Mr. Mangarella's motion. And given the nature of the district court's error—requiring the government to reconsider its support for Mr. Mangarella's release—that error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1905 (quoting *Molina-Martinez*, 578 U.S. at 194); *see also* Stephen Landsman, *The Adversary System*: *A Description and Defense*, 44–45 (Am. Enter. Inst. for Pub. Policy Research 1984) (party control "promotes litigant and societal acceptance of decisions rendered by the courts" because judicial passivity makes it "unlikely [that the judge] appear[s] to be partisan" and "preserves the appearance of fairness as well as fairness itself").

## II. THE DISTRICT COURT ERRED BY ORDERING THE GOVERNMENT TO RECONSIDER ITS SUPPORT FOR MR. MANGARELLA'S RELEASE.

The government contends that there was no violation of the principle of party presentation, arguing that it can, and sometimes does, confess error in criminal matters. Gov't's Br. at 23–24. But that is not what happened below. The government did not reconsider its position without prompting; the district court ordered it to do so. That is a far cry from the government's confessing error on its own motion.

The government's cited cases prove the point. In *Ward v. United States*, 11 F.4th 354 (5th Cir. 2021), for instance, the government opposed

4

a defendant's motion for compassionate release but failed to address the § 3553(a) factors in its opposition. *Id.* at 358. The Fifth Circuit held that the district court did not violate the principle of party presentation by considering the § 3553(a) factors. *Id.* at 361–62. Here, by contrast, the government considered the § 3553(a) factors and supported Mr. Mangarella's motion, withdrawing its support only after the district court ordered it to reconsider its position. *Compare* J.A. 177 (Mr. "Mangarella has met his burden of demonstrating 'extraordinary and compelling reasons' warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i)."), *and* J.A. 181 (Mr. "Mangarella has served over fourteen years in connection with the offenses of conviction, which is sufficient with respect to the § 3553(a) factors in the instant pandemic context."), *with* S.J.A. 1014–15 ("The Government hereby files this amended response to address the issues raised by the Court. After obtaining and reviewing the original presentence report ('PSR'), which contains Mangarella's prior criminal history, *see* ECF No. 427 (under seal), and considering the sentencing factors under 18 U.S.C. § 3553(a), the Government must respectfully amend its prior response and oppose Mangarella's motion for compassionate release."). This was not a matter of the government's mistakenly supporting Mr. Mangarella's motion and then later realizing that it had made an error. No, the government made the deliberate choice to support Mr. Mangarella's motion and then backtracked after the district court ordered it to reconsider its position.

5

*Compare Wood v. Milyard*, 566 U.S. 463, 473–74 (2012) (distinguishing between a party's "inadvertent error" that a court may *sua sponte* correct in "exceptional cases" and a party's "deliberate[]" choice not to raise an argument, which a court should not disturb).

Likewise, in *United States v. Moyhernandez*, 5 F.4th 195 (2d. Cir. 2021), the panel majority rejected the dissenting judge's charge that it violated the principle of party presentation by concluding (in conflict with the Fourth Circuit) that the First Step Act does not require consideration of the § 3553(a) factors. *See id.* at 207. Reasoning that "[t]he whole thrust of [the appellant's] appellate brief [wa]s that consideration of the § 3553(a) factors is mandatory under the First Step Act," the panel majority concluded that "it cannot be a departure from the principle of party presentation to decide the issue on which the appellant relies for relief." *Id.* That bears no resemblance to the facts here, where the district court injected itself into the case, questioned whether the government correctly understood its own policies, required the government to reconsider its support for Mr. Mangarella's release, and then denied Mr. Mangarella's motion based on the position that it encouraged the government to adopt. *See* Appellant's Br. at 9–10; *see also McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991) ("What makes a system adversarial" is "the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the basis of facts and arguments pro and con adduced by the

6

parties."); *In re Hall*, 4 F. 4th 376, 379 (6th Cir. 2021) ("[C]ourts do not typically tell counsel which positions they must take.").[2]

No amount of citations to inapposite cases can change the reality that the district court ordered the government to reconsider its support for Mr. Mangarella's motion. *See Sineneng-Smith*, 140 S. Ct. at 1579 ("[C]ourts are essentially passive instruments of government" that "wait for cases to come to [them], and when [cases arise, courts] normally decide only questions presented by the parties." (citation omitted) (alterations in original)).

## III. THE DISTRICT COURT ERRED BY FAILING TO CONSIDER MR. MANGARELLA'S EVIDENCE OF POST-SENTENCING MITIGATION.

The government contends that the court adequately considered Mr. Mangarella's post-sentencing mitigation evidence, Gov't's Br. at 28–29, which included evidence about Mr. Mangarella's health status, his parole officer's statement that Mr. Mangarella "has shown improvement in his behavior and will continue to do so upon his release," his work as an

---

[2] The government also argues that *United States v. Whiteside*, No. 1:09-cr-00069-MR, 2020 U.S. Dist. LEXIS 142190 (W.D.N.C. Aug. 10, 2020), "did not involve the situation—presented here—in which a district court asks a party to better explain or justify its reason for urging the court to exercise its discretion in a particular way." Gov't's Br. at 27. That is, of course, the point. The *Whiteside* court addressed the issues as the parties presented them, and though it expressed doubt that the government was correct to concede, the court ruled in the defendant's favor because of the government's concession. *See Whiteside*, 2020 U.S. Dist. LEXIS 142190 at *6–7. That is what the district court should have done here.

7

orderly and an usher in his church, and his participation in classes and training opportunities available to him. *See* Appellant's Br. at 5 (quoting J.A. 137). But the government can point to only a single phrase in the district court's order that Mr. Mangarella had provided "some laudable examples of behavior since being incarcerated." J.A. 330.

Under this Court's precedents, that single phrase is not enough. In *Martin*, this Court explained that a district court "must provide [a defendant] an individualized explanation as to why his lengthy sentence for a nonviolent [] offense must remain only partially reduced given the significant amount of mitigation evidence that [the defendant] has proffered post sentencing." 916 F.3d at 398. The court "must provide a rationale as to why [a defendant] who ha[s] placed [himself] on a positive life trajectory, despite the challenges of a lengthy period of incarceration, should receive no relief for [his] rehabilitation." *Id.*

The district court failed to do so here. It provided no explanation as to why Mr. Mangarella's age, health status, and years of bettering himself are insufficient to warrant compassionate release. This Court should reverse on that separate basis.

## CONCLUSION

This Court should reverse the district court and grant Mr. Mangarella's motion for compassionate release. Alternatively, the Court should remand for the district court to reconsider Mr. Mangarella's motion and reassign the case to a different district judge.

8

Respectfully submitted February 23, 2022.

/s/ *J. Stephen Tagert*

Brian D. Boone
J. Stephen Tagert
Alston & Bird LLP
One South at The Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
Tel: (704) 444-1000
Fax: (704) 444-1111
brian.boone@alston.com
stephen.tagert@alston.com

*Counsel for Michael A. Mangarella*

9

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because the brief contains 2189 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) because: this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Century Schoolbook 14 point.

February 23, 2022.

By: /s/ *J. Stephen Tagert*